IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMMY LEE CRAWFORD, AS ADMINISTRATOR OF THE ESTATE OF JAMAL CRUMMEL, DECEASED | : : : | |
| Plaintiff | : : | CIVIL ACTION |
| v. | : : | NO. 1:23-CV-01380 |
| DAUPHIN COUNTY and PRIMECARE MEDICAL, INC., et al. Defendants. | : : : : : | JURY TRIAL DEMANDED |

### PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) ON BEHALF OF DEFENDANTS DAUPHIN COUNTY AND WARDEN GREGORY BRIGGS

AND NOW, come the Defendants, Dauphin County, and Warden Gregory Briggs, by and through their undersigned counsel, Lavery Law, and submit this Partial Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), and in support thereof avers the following:

1. On August 18, 2023, Plaintiff filed a Complaint against Dauphin County and Warden Gregory Briggs, (hereafter Moving Defendants) as well as Primecare Medical, Inc., CEO Thomas Webber, Esq., COO Todd Haskins, Corporate Medical Director John Doe, (hereafter Primecare Defendants) and Medical Providers Katie McGinn, Jessica Nye, Autumn Brennan, EMT; Isacc Mohr,

Cheree Sultzbach, Lauri Case, PMHNP-BC; Garrett Rosas, Psy.D.; Shade Crawford, PA; Melissa Lehman, RN; Tia Drabich, Addonna Thomas, LPN; Jocelyn Grube, LPN; Kayla Zeiders-Heichel, LPN; Mallory Stokes, LPN; Michelle Myers, Nocole Magwood, LPN; Susan Deloe, LPN; Adrienne Freeman, NP; Nicole Gallup, Carla Rotherman, Enos Martin, MD; Diane Wolfe, RN-HAS; Tykeisha Metz, MA; Johanna Reidel, MA; Stephanie Dietz, RN; Robert Nichols, Psy.D.; Kathryn Sciotti, CMA; Mildred Montalvo, MA; Claudia Jurado, Diana Cornejo, Mark Haney, Leslie Irons, LPN; Shayne Goodman, Kennedy Corliss, Sharon Christie, SEC/MA; Belinda Calhoun, LPN; Marielle Ritchie, Anna Bordner, LPN; Ryan Schmuck, RN; Eugenia Franklin, LPN, Tashawana Gordon, MA; and John/Jane Does #1-10. (Hereafter Medical Defendants or simply, Nonmovant Defendants).[1]

2. Moving Defendants filed a Motion to Dismiss on October 16, 2023. [ECF DOC. 16].

3. Plaintiff Amended the Complaint on November 13, 2023. [ECF DOC. 18].

---

[1] For the purposes of this 12(b)(6) motion only, Moving Defendants take as true the factual averments of Plaintiff's Amended Complaint. However, beyond this context, Moving Defendants cannot attest to the accuracy of the names, titles, or relevance of this list of, upon information and belief, 54 Nonmovant Defendants, including 42 named individual Defendants, of whom 41 are named Medical Providers, 11 John/Jane Does, and one nonmovant entity.

4. Moving Defendant Warden Greg Briggs is sued in both his official and individual capacities. [ECF DOC. 18, ¶13]. In each Count naming Warden Briggs Plaintiff fails to specify in which capacity he is sued. [ECF DOC. 18].

5. Plaintiff's Amended Complaint brings eight (8) Counts total. However, Plaintiff misnumbered the Counts, using "Count VII" twice to refer to two distinct state law claims: Count VII – Wrongful Death, and Count VII [*sic*] – Survival Action. This same error is consistent with the first Complaint. [ECF DOC. 1 pp. 39 and 41 and DOC. 18 pp. 39 and 42].

6. Of these eight (8) Counts, Plaintiff brings five (5) claims against Moving Defendants. The Moving Defendants move for dismissal on the following:

   a. Count II under 42 U.S.C. §1983 Due Process – Inhuman [*sic*] Conditions of Confinement against all Defendants. [See, ECF DOC. 18, ¶¶ 95-102]. Moving Defendant Warden Briggs moves to dismiss these §1983 claims in his official capacity pursuant to *Moore v. Solanco Sch. Dist.,* 471 F. Supp. 3d 640, 669-670 n.22 (E.D.Pa. 2020); *Gass v. Matthews*, 2018 U.S. Dist. LEXIS 202100 at *8-9 (E.D.Pa. Nov. 28, 2018); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d. Cir. 2002).

   b. Count III under §1983 Americans with Disability Act (ADA) claim against Dauphin County only. [See, ECF DOC.1, ¶¶88-95].

On its face the Amended Complaint fails to support such a claim pursuant to the fact recipients of Social Security benefits do not per se qualify as persons with disabilities. See, 20 C.F.R. §404.1505(a); 42 U.S.C. §12102(1); *Davila v. County of Lackawanna*, 2013 U.S. Dist. LEXIS 54340, at *7 (M.D. Pa. Apr. 15, 2013), citing, *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 801, 119 S. Ct. 1597, 143 L. Ed. 2d 966 (1999) ("The Social Security Act and the ADA both help individuals with disabilities, but in different ways."); *Toscano v. Warren County Dept. of Human Services*, 323 Fed.Appx. 120, 122 (2009) (a disability under the ADA is not the same as under the Social Security provisions). As such, Inmate Crummel was not a qualified individual with a disability merely by being entitled to Social Security benefits.

42 U.S.C. §12132 provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall by reason of such disability be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by any such entity.

4

The Third Circuit has held that the standard under the ADA is the same as that of the Rehabilitation Act of 1973. *McDonald v. Pennsylvania Dept. of Public Welfare*, 62 F.3d 92, 94-95 (3d Cir.1995). Thus, an ADA claim requires: (1) that the plaintiff is an individual with a disability, (2) that the plaintiff is otherwise qualified for the program sought or would be qualified if the defendant made reasonable modifications to the program, and (3) that the plaintiff was excluded from the program solely by reason of his or her disability. *Wagner v. Fair Acres Geriatric Center*, 49 F.3d 1002, 1009 (3d Cir.1995); *Owens v. Chester County*, 2000 U.S. Dist. LEXIS 710, at *30 (E.D.Pa. Jan. 28, 2000).

The next issue to be determined is whether Plaintiff is disabled as defined by the statute. The ADA defines disability as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. §12102(1). Even if Plaintiff has a record of impairment as averred, to establish a disability, there must be a record of impairment that substantially limits one or more major life activity. *Howell v. Sam's Club # 8160/Wal Mart*, 959 F. Supp.

260 (E.D. Pa. 1997). To show violation of the ADA, Plaintiff must demonstrate that he is a "qualified individual with a disability" and he is eligible to participate in the benefits of the "services, programs, or activities" of the Prison. *Owens*, *supra*, at 32-33 (holding that a prison and "all of its facilities (i.e. the phone, the library, the yard, meals) constitute services and programs…to which the ADA applies."). Under the ADA, a "qualified individual" can "perform the essential functions" of the position "with or without reasonable accommodation." 42 U.S.C. §12112(8). Therefore, to recover under the ADA Plaintiff must show Plaintiff-Decedent was capable of participating in these activities without reasonable accommodation. Plaintiff offers only conclusory language concerning qualification, and instead alleges facts indicating Plaintiff was so debilitated by mental illness as to be incapable of participating or even self-advocacy; this indicates Plaintiff was not qualified under the ADA and it does not apply. Plaintiff alleges that Defendants failed to provide treatment for his alleged mental illness, and that such failure was discriminatory and violated the ADA. (ECF Doc. 18 ¶¶105-107]. However, the ADA offers no remedy for failure to provide

treatment. *Iseley v. Beard*, 200 Fed.Appx. 137, 142 (3d Cir. 2006) ("[H]e claims that he was denied medical treatment for his disabilities, which is not encompassed by the ADA's prohibitions."). In *Iseley* the plaintiff claimed denial of medical treatment due to his disability while in prison. *Id*. The court noted that plaintiff was not excluded from a "program on the basis of a disability"; rather "he was denied medical treatment for his disabilities, which is not encompassed by the ADA's prohibitions." *Id*. See, *Davila*, 2013 U.S. Dist. LEXIS 54340, at *6, 10 ("[T]he ADA does not provide relief for a denial of medical treatment even if the reason for the denial is discrimination because of a disability normally recognized by the ADA…the ADA does not cover so-called 'denial of treatment' cases."). To prove failure to provide a reasonable accommodation, the plaintiff must show (1) s/he was disabled, and the defendant knew it; (2) s/he requested an accommodation or assistance; (3) the defendant did not make a good-faith effort to assist; and (4) s/he could have been reasonably accommodated. *Schomer v. Westmoreland County*, 2022 U.S. Dist. LEXIS 209082, *25-26 (W.D. Pa. Nov. 17, 2022), citing *Capps v. Mondelez Glob., LLC*, 847 F.3d 144,

157 (3d Cir. 2017). Based on the law and analysis Crummel was not disabled for purposes of the ADA and the ADA does not apply in the context of his confinement for purposes of this suit. This Count should be dismissed.

c. Count IV is a §1983 *Monell* claim against Moving Defendants. (See, ECF DOC.18, ¶¶ 108-113). Moving Defendant Briggs moves for dismissal of this Count in his individual capacity pursuant to *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *Beers v. Northumberland Cnty.*, 2023 U.S. Dist. LEXIS 130417 (M.D. Pa. Jul. 27, 2023).

d. Plaintiff's Complaint seeks punitive damages against all Defendants. (See, ECF DOC.18, p. 45). Plaintiff is not entitled to punitive damages under each Count, per each Defendant, and per the capacity in which some of them are sued.

e. Plaintiff seeks punitive damages under §1983 Count II against all Defendants, however, punitive damages are unavailable against Dauphin County because it is a government entity and §1983 does not allow for such damages. (*City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L.Ed.2d 616 (1981); *Wood v. Rendell*, 1995 U.S. Dist. LEXIS 17052 (E.D. Pa.

Nov. 3, 1995); *Doe v. Cnty. of Centre, Pa.*, 242 F.3d 437, 456 (3d Cir. 2001)).

f. Plaintiff seeks punitive damages under Count II against all Defendants, (ECF DOC.18, p. 34) however, punitive damages are unavailable against Warden Briggs because averred facts presented are in reality claims against him in his official capacity, and he is immune from punitive damages in that capacity. *Psota v. New Hanover Township.* 2021 U.S. Dist. LEXIS 247237 (E.D. Pa. December 29, 2021).

g. Plaintiff seeks punitive damages against Moving Defendants under the state law tort claims but has failed to allege facts sufficient to rising to wanton acts or evil motive; negligence is not sufficient for such an "extraordinary remedy." *Rizzo v. Haines*, 520 Pa. 484, 555 A.2d 58, 69 (Pa. 1989); *Brennan v. Norton*, 350 F.3d 399 (3d Cir. 2003); *Madison v. Bethanna, Inc.*, No. 12-01330, 2012 U.S. Dist. LEXIS 71738, 2012 WL 1867459, at *13 (E.D. Pa. May 23, 2012).

WHEREFORE, the Moving Defendants seek that their partial Motion to Dismiss be granted pursuant to the Order attached.

Respectfully submitted,

**Lavery Law**

By: *s/ Frank J. Lavery, Jr.*
Frank J. Lavery, Jr., Esquire
Attorney No. PA42370
Murray J. Weed, Esquire
Attorney No. PA329717
225 Market Street, Suite 304
Harrisburg, PA 17101-2126
flavery@laverylaw.com
mweed@laverylaw.com
(717) 233-6633 (Telephone)
(717) 233-7003 (Facsimile)
*Attorneys for Defendants, Dauphin County and Warden Gregory Briggs*

Date:  November 27, 2023

## CERTIFICATE OF SERVICE

I, Michelle Principato, an employee with the law firm of Lavery Law, do hereby certify that on this 27th day of November, 2023, I served a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint via ECF on counsel of record.

*/s/Michelle Principato*
Michelle Principato
Legal Assistant

This document has also been electronically filed and is available for viewing and downloading from the ECF system.