# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JIMMY LEE CRAWFORD, AS ADMINISTRATOR OF THE ESTATE OF JAMAL CRUMMEL, DECEASED | : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:23-CV-01380 |
| v. | : : | (JUDGE MEHALCHICK) |
| DAUPHIN COUNTY and PRIMECARE MEDICAL, INC., et al. Defendants. | : : : : | JURY TRIAL DEMANDED |

**REPLY BRIEF IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SECOND AMENDED COMPLAINT UNDER F.R.C.P. 12(f)(2), OR, IN THE ALTERNATIVE, MOTION FOR RELIEF FROM COURT ORDER OF MARCH 26, 2024 (ECF 55) UNDER F.R.C.P. 60(a),(b), OR, IN THE ALTERNATIVE, MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT UNDER F.R.C.P. 12(b)(6)**

Respectfully submitted,

Murray J. Weed, Esquire
Attorney No. PA329717
Frank J. Lavery, Jr., Esquire
Attorney No. PA42370
Matthew O. Sanyour, Esquire
Attorney No. PA323694
225 Market Street, Suite 304

DATE: May 20, 2024

Harrisburg, PA 17101-2126
mweed@laverylaw.com
flavery@laverylaw.com
msanyour@laverylaw.com
(717) 233-6633 (Telephone)
(717) 233-7003 (Facsimile)

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................1

   1.    The Second Amended Complaint Should Be Stricken. .......................................1

   2.    Plaintiff's Claims Should Be Dismissed. .........................................................1

     A.    Uncontested: ADA and Punitive Damages Against Dauphin County.............................1

     B.    Dismissal of All Claims Against Warden Briggs ................................................1

II.    ARGUMENTS ................................................................................................2

   1.    Plaintiff's Amendment Should Not Be Entertained. ...........................................2

   2.    Defendants' Motion to Strike Should Be Granted ............................................4

     A.    Striking the Noncompliant Pleading is Appropriate ............................................4

     B.    Prejudice to Defendants ............................................................................7

     C.    Plaintiff's Delay and Improper Surprise .......................................................11

     D.    A Motion to Strike to Enforce Procedural Rules is Proper ...................................13

     E.    Rule 15(a)(2) Leave to Amend is Absent .......................................................14

   3.    Motion to Dismiss ....................................................................................16

     A.    Plaintiff's Averred Uncontested Dismissal Under L.R. 7.6 ................................16

     B.    Plaintiff's Breach of Rule 15(a)(2) and L.R. 7.6 Dismissal ...............................16

     C.    Dismissal of Claims Against Warden Briggs ...................................................17

     D.    Punitive Damages Unavailable ...................................................................19

III.    CONCLUSION ..............................................................................................19

CERTIFICATION PURSUANT TO MIDDLE DISTRICT RULE L.R. 7.8(b)(2) .........................21

CERTIFICATE OF SERVICE ..................................................................................22

# TABLE OF AUTHORITIES

**Cases**

*Barlow v. Bank of Am., N.A.*, 2015 U.S. Dist. LEXIS 184957 (M.D. Pa. Apr. 16, 2015) .......................15

*Blake v. SSA*, 2022 U.S. Dist. LEXIS 214531 (M.D. Pa. Nov. 29, 2022)....................................... 8, 9 17

*Bohnhoff v. Wells Fargo Bank, N.A.*, 853 F. Supp. 2d 849 (D. Minn. 2012) ("Where, as here.................7

*Braddy Robinson v. Hilton Scranton Hotel & Conference Ctr.*, 2008 U.S. Dist. LEXIS 72643, 2008 WL
   4425281 (M.D. Pa. Sept. 24, 2008) ...........................................................................................10

*Brooks-McCollum v. Emerald Ridge Serv. Corp.*, 563 F. App'x 144 (3d Cir. 2014).........................7, 15

*Byars v. School District of Philadelphia,* 942 F.Supp. 2d 552 (E.D. Pa. 2013)....................................18

*Cindrich*, et al., 1 Federal Civil Procedure Before Trial--3d Circuit 8:285 (1996) ...............................13

*Day v. Hilton Scranton Hotel & Conference Ctr.*, 2008 U.S. Dist. LEXIS 72642, 2008 WL 4425283
   (M.D. Pa. Sept. 24, 2008)...............................................................................................................10

*Dumont Aircraft Charter, LLC v. Valvano*, 672 F. Supp. 3d ...............................................................5

*Evancho v. Fisher,* 423 F.3d 3474 (3d Cir. 2005) ...............................................................................18

*Foman v. Davis,* 371 U.S. 178, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962) ...................................... 7, 8, 13

*Gay v. Petsock,* 917 F.2d 768 (3d Cir. 1990) .......................................................................................18

*Gary v. Pa. Human Rels. Comm'n*, 497 F. App'x 223 (3d Cir. 2012).....................................................4

*Glunk v. Pennsylvania State Bd. of Med.*, 2015 U.S. Dist. LEXIS 26687, 2015 WL 999135 (M.D. Pa.
   Mar. 5, 2015)..................................................................................................................................10

*Griffin v. County School Bd. of Prince Edward County*, 377 U.S. 218 (1964).....................................12

*Grosek v. Panther Transp. Inc.*, 2009 U.S. Dist. LEXIS 13300, 7 (M.D. Pa. 2009) ............................19

*Haines v. Kerner*, 404 U.S. 519 (1972)..................................................................................................4

*Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976).* .............................................18

*Hunter v. Lehigh Valley Mount Pocono Hosp.*, 2023 U.S. Dist. LEXIS 207904 (M.D. Pa. Nov. 20, 2023)
   ..........................................................................................................................................................10

*Ibrahim v. U.S. Dep't of Homeland Sec.*, 835 F.3d 1048 (9th Cir. 2016) ...........................................5, 6

*Kelly v. Del. River Joint Comm'n*, 187 F.2d 93 (3d Cir. 1950) ............................................................14

*Knoll v. City of Allentown*, 707 F.3d 406 (3d Cir. 2013) ......................................................................5

*Krantz v. Prudential Investments Fund Management LLC*, 305 F.3d 140 (3d Cir. 2002)......................12

*Lake v. Arnold*, 232 F.3d 360 (3d Cir. 2000) ...............................................................................10, 13

*Mearin v. Folino*, 654 Fed. App'x 58 (3d Cir. 2016)...............................................................................6

*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).........................18

*Northern v. Susquehanna University*, 2019 U.S. Dist. LEXIS 70389, 6 (M.D. Pa. Apr. 26, 2019).......5,16

*Parkell v. Danberg,* 833 F.3d 313 (3d Cir. 2016)...................................................................................5

*Psota v. New Hanover Township,* 2021 U.S. Dist. LEXIS 247237 (E.D.Pa. Dec. 29, 2021) ............ 17, 18

*Rode v. Dellarciprete,* 845 F.2d 1195 (3d Cir. 1988)...........................................................................18

*Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644 (3d Cir. 1998)...................................11, 14

*Smith v. All Persons Claiming a Present or Future Interest in Estate 13*, 2017 U.S. Dist. LEXIS 36200 10
   (D.V.I. Mar. 14, 2017).................................................................................................................4, 14

*Turner v. Wetzel*, 2015 U.S. Dist. LEXIS 129883, [WL] (M.D. Pa. Sept. 28, 2015) ...............................4

*Ulrich v. Corbett*, 2014 U.S. Dist. LEXIS 92035, 2014 WL 3339566, at 1 (M.D. Pa. July 8, 2014) .......10

ii

*Von Bulow v. Von Bulow*, 657 F.Supp. 1134 (S.D.N.Y. 1987) .............................................................5

*Washington v. Grace*, 2012 U.S. Dist. LEXIS 15173 (M.D. Pa. Feb. 7, 2012) .....................................11

**Other Authorities**

§1983....................................................................................................................................2, 16

**Rules**

Fed R. Civ. P. 15 .........................................................................................................1, 8, 14, 16

L.R. 15.1 ..................................................................................................................1, 4, 6, 8, 10

## I.    INTRODUCTION

### 1.    <u>The Second Amended Complaint Should Be Stricken.</u>

Plaintiff filed through counsel a putative Second Amended Complaint without seeking leave of court, without Defendants' consent, and without highlighting the proposed amended language. (DOC. 54). Plaintiff filed no motion for leave to amend as required, in plain violation of the requirements of Fed R. Civ. P. 15(a)(2) and L.R. 15.1.

### 2.    <u>Plaintiff's Claims Should Be Dismissed.</u>

#### A.    <u>Uncontested: ADA and Punitive Damages Against Dauphin County</u>

Plaintiff concedes in his Brief that his ADA claims and punitive damages claim against Defendant Dauphin County are barred by law (DOC. 68); these claims should be dismissed with prejudice as uncontested per L.R. 7.6. [1]

#### B.    <u>Dismissal of All Claims Against Warden Briggs</u>

Plaintiff further fails to demonstrate the requisite level of personal involvement necessary to establish individual liability for Defendant Warden Briggs. Defendants reserve the right to challenge the veracity of Plaintiff's factual averments at the appropriate stage – however, even taken as true for the purposes of

---

[1] Defendants note that, had Plaintiff complied with the rules and submitted a proposed amendment to Defendants before filing, the parties likely could have addressed these defects without the necessity of Court involvement – further illustrating why these procedural rules exist and should be followed.

Rule 12(b)(6), Plaintiff's facts fail to demonstrate any cognizable personal act on the part of Defendant Warden Briggs to support a finding of individual liability under §1983 or under the related state tort claims.

## II.    ARGUMENTS

### 1.    <u>Plaintiff's Amendment Should Not Be Entertained.</u>

Plaintiff's putative Second Amended Complaint was not properly brought before this Court in the manner required for amended pleadings subsequent to the first amendment as of right; there was no motion for leave with proposed amendments, and no highlighting or strikethrough of changed language in the Second Amended Complaint. DOC. 54; Fed. R. Civ. P. 15(a)(2); L.R. 15.1(a)-(b). Plaintiff further violates the express language of his own motions – to which Plaintiff sought, and received Defendants' concurrence – and the Orders of Court granting same.[2]

To moot Defendants' pending motions contrary to his express and repeated representations upon which Defendants' concurrences were predicated, and to allow Plaintiff to do so in clear violation of the applicable rules is clearly prejudicial to Defendants. To allow Plaintiff to proceed with the Second Amended Complaint

---

[2] See, DOC. 60 ¶¶30-33, citing Plaintiff's Motions: DOC. 29 ¶6 ("Plaintiff's responsive Brief in Opposition"); DOC. 39 ¶6 (same), ¶7 ("competent brief"); DOC. 40 ¶8, 10 ("responsive brief"); DOC. 43 ¶9; DOC. 52, pg. 1 and the Orders of Court: DOC. 30 ("to file a response to Defendant Briggs [*sic*] motion"); DOC. 41 ("to file a responsive brief"); Doc. 42 ("to file responsive briefs"); DOC. 45, ¶¶2, 4;  DOC. 54.

would prejudice Defendants by granting implicit leave to amend without offering Defendants the opportunity to argue the issue as motions practice requires and deny Defendants the opportunity to review a properly highlighted proposed amendment per Rule 15.1. To vindicate Plaintiff's improper pleading compels Defendants to replead the same arguments – including those Plaintiff now concedes are correct as a matter of law [3] – after concurring to months of extensions and staying of deadlines in Plaintiff's favor, predicated upon Plaintiff's repeated representation that it would offer responsive briefing, only to moot Defendants' pending motions instead. Plaintiff reneging on these representations mooted Defendants' pending motions, to Defendants' detriment.

Plaintiff selectively ignores the extensive grant of time to which Defendants agreed for his benefit, and now suggests that to grant a motion to strike enforcing the rules Plaintiff has obviously violated, would constitute "undue delay." (DOC. 68, §IV(B)). Plaintiff's brazen double-standard overlooks over 100 days of additional time granted to Plaintiff's benefit but regards filing a motion for leave to amend, as required by Rule 15(a)(2) in the manner prescribed by Local Rule 15.1, as somehow intolerable. While it may well be efficient and therefore appealing for Plaintiff to ignore the rules at will, uniform adherence to procedural rules can never constitute delay that is "undue."

---

[3] See, DOC. 68,  p.9, §IV(D)(1-1).

The substitution of Plaintiff's counsel does not obviate the Plaintiff's own prior representations to this Court, the pleadings of record, or the applicability of this Court's Orders and the Rules. The action only resumed with Plaintiff's assent to the lifting of the stay. (See, DOCS. 45; 52). Counsel is expected to follow the rules. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gary v. Pa. Human Rels. Comm'n*, 497 F. App'x 223, 226 (3d Cir. 2012).

## 2. Defendants' Motion to Strike Should Be Granted

### A. Striking the Noncompliant Pleading is Appropriate

The appropriate remedy is to deny the implicitly sought leave as improper, strike the improvidently pleaded amendment, and direct the Plaintiff to comply with the rules in seeking subsequent amendments. *Smith v. All Persons Claiming a Present or Future Interest in Estate 13*, 2017 U.S. Dist. LEXIS 36200, at 10 (D.V.I. Mar. 14, 2017) ("Though Smith was obligated to comply with LRCiv. 15.1, she failed to do so. **The Court was  well within its authority to strike the Complaint for that reason**."). [4]   It is certainly not, as Plaintiff suggests, to suspend the procedural rules for amended pleadings, nor to vindicate Plaintiff's presumed privilege to amend, at will, in facial contradiction of Rule 15(a)(2) and Local Rule

---

[4] Citing, *Turner v. Wetzel*, 2015 U.S. Dist. LEXIS 129883, [WL], at 3 (M.D. Pa. Sept. 28, 2015) (discussing L.R. 15.1 which requires "a copy of the original pleading in which stricken material has been lined through and any new material has been inserted and underlined or set forth in bold-faced type").

15.1.[5] Plaintiff cites no authority in direct support of this idiosyncratic interpretation because none exists. (See, DOC. 68).

Plaintiff misstates the latitude for the Court under Rule 12(f) – particularly, as here, where it is acting to enforce the rules. "Rulings on motions to strike rest in the sound discretion of the court." *Dumont Aircraft Charter, LLC v. Valvano*, 672 F. Supp. 3d 1, 5 fn.1, citing *Northern v. Susquehanna University*, 2019 U.S. Dist. LEXIS 70389, at 1 (M.D. Pa. Apr. 26, 2019), citing *Von Bulow v. Von Bulow*, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987).

"District courts have the 'inherent authority to control [their] docket[s]' and are 'empower[ed] … to dismiss a case as a sanction for failure to follow procedural rules.'" *Smith*, 2017 U.S. Dist. LEXIS 36200, at 9-10, quoting *Knoll v. City of Allentown*, 707 F.3d 406, 409 (3d Cir. 2013). "**District courts have the inherent power to strike items from their docket for litigation conduct**" *Id*, quoting *Ibrahim v. U.S. Dep't of Homeland Sec*., 835 F.3d 1048, 1065 (9th Cir. 2016).

Even *pro se* litigants must be held to the procedural rules – here, where Plaintiff has the benefit of counsel, the standard is strict. See, *Parkell v. Danberg,* 833 F.3d 313, 324 n.6 (3d Cir. 2016) ("Although courts liberally construe pro se

---

[5] Defendants argue in the alternative for relief from a court order pursuant to Rule 60 out of an abundance of caution. The Order of March 26, 2024 does not directly address the issues raised herein, but Defendants sought to preemptively address it and present all potential avenues to clear the defects from the docket introduced by Plaintiff's improper pleading.

pleadings, unrepresented litigants are not relieved from the rules of procedure"); *Mearin v. Folino*, 654 Fed. App'x 58, 61 (3d Cir. 2016) ("Even with the leniency due pro se litigants, [the pro se plaintiff] could expect to be held to the local rules surrounding summary judgment motion practice.").

Here, the Court should strike Plaintiff's putative Second Amended Complaint for breach of both the substantive and procedural requirements for second amended pleadings, under both the Federal and Local Rules. Fed. R. Civ. P. 15(a)(2); L.R. 15.1.

Taken individually, either the failure to seek leave to amend per Rule 15(a)(2), or the failure to highlight the proposed amendments per L.R. 15.1, would independently warrant denial of leave to amend. This Court should decline to entertain further the improvidently pled Second Amended Complaint, strike it from the record, and direct Plaintiff to comply with the rules for amended pleadings. Should Plaintiff wish to properly bring the proposed amendment before this Court, he must seek leave of Court, or the concurrence of Defendants before doing so.

The requirements of submitting a proposed amendment with motion for leave to amend, and of highlighting the amended language are binding on litigants in this Court and reflect a commonplace practice among district courts in general. Striking noncompliant pleadings is the ordinary remedy for breach of such rules. *Smith*, 2017 U.S. Dist. LEXIS 36200, at 10, citing *Ibrahim*, 835 F.3d at 1065; *Bohnhoff v. Wells*

*Fargo Bank, N.A.*, 853 F. Supp. 2d 849, 858 (D. Minn. 2012) ("Where, as here, the plaintiff has not filed a motion to amend or a redlined complaint, **the motion is not properly before the court**."); (internal quotation marks omitted)) *cf.*, *Brooks-McCollum v. Emerald Ridge Serv. Corp.*, 563 Fed. App'x 144, 147 (3d Cir. 2014) (holding that "fail[ure] to comply with D. Del. Local Rule 15.1, which requires that a draft of the proposed amended complaint be submitted with the motion … **is an adequate basis for denying leave to amend**") (emphases added).

### B.    <u>Prejudice to Defendants</u>

Over a span of months, Plaintiff sought, and received, the concurrence of Defendants for additional time to file responsive briefing to Defendants pending motions to dismiss Plaintiff's Amended Complaint, only to file a Second Amended Complaint without leave of Court to do so, as Rule 15 requires, and in a manner that places Defendants at further disadvantage in responding further, instead of adhering to the requirements of Rule 15(a)(2) and Local Rule 15.1.

The Court may properly deny a motion for leave to amend if the plaintiff's delay in seeking amendment is undue, motivated by bad faith, prejudicial to the opposing party, or where amendment would be futile. *Foman v. Davis*, 371 U.S. 178 (1962). Here, Plaintiff enjoyed over 100 days to respond to Defendants' pending motions to dismiss, before reneging on his own motions for additional time to which Defendants concurred, and attempting to moot Defendants pending motions through

an amended pleading that Plaintiff failed to properly bring before this Court. Rather than file a motion for leave to amend as required under Rule 15(a)(2) and attaching the proposed amended per L.R. 15.1, Plaintiff belatedly sprang its Second Amended Complaint upon Defendants without warning, in breach of the rules, and plainly contradicting its own pleadings of record. [6] This Court is "obligated to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules." *Blake v. SSA*, 2022 U.S. Dist. LEXIS 214531, at 4 (M.D. Pa. Nov. 29, 2022).

The Court may properly deny a motion for leave to amend if the plaintiff's delay in seeking amendment is undue, motivated by bad faith, prejudicial to the opposing party, or where amendment would be futile. *Foman v. Davis*, 371 U.S. 178 (1962). Here, Plaintiff enjoyed over 100 days to respond to Defendants' pending motions to dismiss, before reneging on his own motions and attempting to moot them through an amended pleading that Plaintiff failed to properly bring before this Court. Further, rather than properly file a motion for leave to amend as required, Plaintiff merely sprang its Second Amended Complaint upon Defendants in breach

---

[6] While Plaintiff's Brief offers a rationale for why Plaintiff would amend his Amended Complaint, it fails to address why Plaintiff apparently deliberately did not comply with Rule 15(a)(2) and Local Rule 15.1. Plaintiff does not aver a mistake of law; therefore, Plaintiff must have filed deliberately in violation of the Rules. Defendants further surmise Plaintiff knew of the first amendment per Rule 15(a)(1)(B) by titling their pleading "Second Amended Complaint," yet Plaintiff persistently fails to explain why he did not file a motion for leave to amend. (See generally, DOC. 68).

of the rules and his own pleadings of record. This Court is "obligated to ensure that one party's refusal to comply with the rules does not lead to an unjustified prejudice to those parties who follow the rules." *Blake v. SSA*, 2022 U.S. Dist. LEXIS 214531, at 4 (M.D. Pa. Nov. 29, 2022).

Defendants note that they concurred to several extensions *prior* to the involvement of current counsel for Plaintiff, contrary to the apparent rationale Plaintiff offers in his Brief in Opposition. (DOC. 68). The change in Plaintiff's representation does not suspend the requirements of the rules – which all counsel must follow – nor does it erase the procedural history of the matter, which included exhaustion of Plaintiff's one amendment as of right with the filing of the Amended Complaint per Rule 15(a)(1)(B). The Court must not vindicate Plaintiff's transparent effort to evade the rules to Defendants' detriment here.

Plaintiff has plainly failed to comply with the basic requirements of Rule 15(a)(2) in filing a Second Amended Complaint without leave of Court or consent of Defendants, and further violated Local Rule 15.1(b) in failing to either strikethrough deleted language in the proposed Second Amended Complaint or to highlight new additions. Plaintiff has further failed to apply the relevant precedent of the Middle District, as affirmed by the Third Circuit, which holds that failure to comply with the highlighting of amendments as required by Rule 15.1 is sufficient grounds for denial of leave to amend. Where an amended complaint fails to comply

with Rule 15.1, leave to amend should be denied and the party seeking amendment directed to comply in subsequent pleadings.

"Therefore, when plaintiffs have moved to amend their complaint, without complying with Local Rule 15.1 and providing the court with a copy of the actual proposed amended complaint, our practice has been to deny the motion and order compliance with the Local Rule." *Hunter v. Lehigh Valley Mount Pocono Hosp.*, 2023 U.S. Dist. LEXIS 207904, at 2-3 (M.D. Pa. Nov. 20, 2023); citing *Glunk v. Pennsylvania State Bd. of Med.*, 2015 U.S. Dist. LEXIS 26687, 2015 WL 999135, at 1 (M.D. Pa. Mar. 5, 2015); *Ulrich v. Corbett*, 2014 U.S. Dist. LEXIS 92035, 2014 WL 3339566, at 1 (M.D. Pa. July 8, 2014); *Braddy Robinson v. Hilton Scranton Hotel & Conference Ctr.*, 2008 U.S. Dist. LEXIS 72643, 2008 WL 4425281, at 1 (M.D. Pa. Sept. 24, 2008); *Day v. Hilton Scranton Hotel & Conference Ctr.*, 2008 U.S. Dist. LEXIS 72642, 2008 WL 4425283, at 1 (M.D. Pa. Sept. 24, 2008).

"This practice, in turn, has been expressly endorsed by the court of appeals," which has observed [the standard of review for] 'the District Court's determination to deny leave to amend for an abuse of discretion.'" *Hunter*, *supra*, at 3, quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000). It is beyond dispute that Plaintiff violated Rules 15(a)(2) and L.R. 15.1(b). The appropriate remedy is to strike the improper pleading and direct Plaintiff to comply with the Rules. Plaintiff's Brief in Opposition provided no authority to support his contention that L.R. 15.1 cannot be

enforced via a motion to strike, because Plaintiff cannot. To the contrary, it is the practice of this Court to strike such improvidently pleaded amendments. *Id*.

**C.    Plaintiff's Delay and Improper Surprise**

Both persuasive and binding authority clearly demonstrate that a plaintiff seeking amendment must follow proper procedure for the amended proceeding to be considered. Here, the prejudice and inequity in this violation are compounded by the pretenses under which Plaintiff sought extensive additional time to respond. At minimum, Plaintiff should provide notice of his intention to amend by properly filing a motion for leave to amend as required by Rule 15(a)(2) and Local Rule 15.1(a). Failure to do so is *per se* improper, but here, Plaintiff's conduct is worsened by the fact Plaintiff secured extensive extensions of time with Defendants' concurrence under the guise of filing responsive briefing.

Such a surfeit of time to respond while the opposing parties must follow ordinary deadlines may, in itself, be prejudicial – but for the fact Defendants concurred. *Washington v. Grace*, 2012 U.S. Dist. LEXIS 15173 at 18 (M.D. Pa. Feb. 7, 2012) ("Moreover, a party seeking to supplement pleadings must act in a diligent fashion. Thus, for example, '[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.'"); quoting, *Rolo v. City Investing Co. Liquidating*

*Trust,* 155 F.3d 644, 654 (3d Cir.1998). *Krantz v. Prudential Investments Fund Management LLC*, 305 F.3d 140, 144 (3d Cir. 2002).

Rule 15, nor Rule 12(f), and the interests of justice do not favor the extraordinary extension of discretion to ignore the Rules Plaintiff seeks now. "Finally, in every instance, the exercise of this discretion must be guided by the animating principle behind Rule 15, which is 'to make pleadings a means to achieve an orderly and fair administration of justice.' *Washington*, *supra*, quoting *Griffin v. County School Bd. of Prince Edward County*, 377 U.S. 218, 227 (1964). Defendants' concurrences are effectively invalidated by the fact that Plaintiff did not comply with that stated purposes for his own Motions to this Court – namely, to file briefs in opposition to the pending motions to dismiss. Plaintiff sought further advantage by the self-grant of a right to evade the requirement to seek leave of Court for subsequent amendment and to provide Defendants with a Second Amended Complaint that fails to highlight the amended language.

"Under the Federal Rules of Civil Procedure, a plaintiff is entitled to amend her claim once; courts may grant subsequent amendments "when justice so requires." Fed. R. Civ. P. 15(a). While this Rule also requires that leave to amend should be "freely given," a district court has the discretion to deny this request if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would

prejudice the other party." *Lake*, 232 F.3d at 373, citing *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). Here, the undue delay of several months, and apparent bad faith in attempting to moot motions to which Plaintiff expressly sought time to respond is evident from the clear contradiction between Plaintiff's own motions to extend time and to stay deadlines, and the action Plaintiff in fact undertook. Plaintiff further compounded this wrong by the filing of a surprise which Defendants are entitled to respond. Even if this Court were to grant a subsequent motion to amend, if properly made, Plaintiff has not properly sought leave to effective bring the proposed Second Amended Complaint before this Court, nor does the pleading substantively conform to the required form of Local Rule 15.1(b).

### D.    A Motion to Strike to Enforce Procedural Rules is Proper

The Rules bind the parties before this Court. Further, the Third Circuit has upheld the prevailing practice to require parties seeking second amended pleadings and beyond to adhere to the Local Rules and strike noncompliant pleadings. "Moreover, some District Court local rules in our Circuit require that a plaintiff give a District Court a draft amended complaint so that it can review the proposed changes to determine whether 'justice requires' the court to grant plaintiff's request." *Lake*, 232 F.3d at 374, citing *Cindrich*, et al., 1 Federal Civil Procedure Before Trial- -3d Circuit 8:285 (1996) (discussing Local Rule 12(h) for District Court of New

Jersey); see, *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644, 655 (3d Cir. 1998) (upholding District Court's denial of leave to amend); *Kelly v. Del. River Joint Comm'n*, 187 F.2d 93, 95 (3d Cir. 1950) (affirming lower court's summary refusal to permit amendment to a claim given plaintiff's failure to provide court with a proposed amended complaint).

Here, Plaintiff both failed to adhere to the rules and contradicted its own successive motions for additional time before this Court. It simply does not follow that Plaintiff's more serious breach of the rules than the foregoing should somehow result in a lesser response than the above precedent. To the extent that Plaintiff's improvidently pleaded Second Amended Complaint must be deemed a motion for leave to amend, per Rule 15(a)(2), the appropriate response would either be denial of leave to amend with instruction to file a motion for leave in accordance with the rules. *Id*.

### E.    Rule 15(a)(2) Leave to Amend is Absent

The basic framework of the Rule 15(a)(2) motion itself is entirely absent, and the underlying proposed Second Amended Complaint is facially noncompliant with Rule 15.1 and therefore has not been properly brought before this Court. *Smith*, supra, citing *Bohnhoff* at 858. The Second Amended Complaint should be stricken as improper under Rule 15(a)(2) and Local Rule 15.1 and consequently as impertinent to the only pleadings properly before this Court.

Defendants reasonably relied upon Plaintiff's inaccurate representations that he would file responsive briefing that would not moot Defendants' pending motions, and further, have incurred needless additional expense in having to defend against the same meritless claims again – including a plea for punitive damages against the County Defendant that Plaintiff now belatedly concedes is barred as a matter of law. (See, DOC. 68, §IV(D)).

Plaintiff inadvertently illustrates the animating purposes behind Rule 15.1 – in requiring the parties to share the proposed amendment before filing, and to seek concurrence thereto, this facially invalid plea for relief could have been deleted prior to the filing of a proposed Second Amended Complaint, without requiring Defendants to replead the same grounds for dismissal and without requiring involvement of this Court.

> Here, the District Court denied leave to amend because [the plaintiff] failed to comply with ... Local Rule 15.1, which requires that a draft of the proposed amended complaint be submitted with the motion. Failure to supply a draft amended complaint is an adequate basis for denying leave to amend." *Brooks-McCollum v. Emerald Ridge Serv. Corp.,* 563 F. App'x 144, 147-48 (3d Cir.) cert. denied, 135 S. Ct. 143, 190 L. Ed. 2d 46 (2014).[7]

---

[7] Quoted in, *Barlow v. Bank of Am., N.A.*, 2015 U.S. Dist. LEXIS 184957 at 7, (M.D. Pa. Apr. 16, 2015).

Striking a noncompliant proposed amended is the appropriate mechanism by which the Court may enforce the Rules. *Northern v. Susquehanna University*, 2019 U.S. Dist. LEXIS 70389, 6 (M.D. Pa. Apr. 26, 2019) ("Therefore, **we will strike this proffered amendment** as immaterial, but strike this pleading without prejudice to Northern seeking to amend this complaint. However, Northern **is instructed that any future requests to amend must be made by motion and must comply with Local Rule 15.1.**")(Carlson, J.)(emphasis added).

Defendants' Motion to Strike Second Amended Complaint should be granted, and Plaintiff directed to adhere to the Rules for any subsequent amendments sought.

3. <u>**Motion to Dismiss**</u>

A.    <u>**Plaintiff's Averred Uncontested Dismissal Under L.R. 7.6**</u>

Plaintiff has conceded as uncontested that Plaintiff's claims under the ADA and for punitive damages under §1983 against Dauphin County should be dismissed under Rule 12(b)(6). (DOC. 68, §IV(D)). The motion to dismiss should therefore be granted against Count III *in toto* and punitive damages under Count II, with prejudice, as uncontested. L.R. 7.6.

B.    <u>**Plaintiff's Breach of Rule 15(a)(2) and L.R. 7.6 Dismissal**</u>

Plaintiff failed to timely file a Brief in Opposition to Defendants' Motion to Dismiss and Brief in Support, even with the benefit of over 100 days to do so. Plaintiff's so-called Second Amended Complaint was not properly brought before

this Court and should not be entertained. *Smith*, 2017 U.S. Dist. LEXIS 36200 at 9-10; *Bohnhoff*, 853 F.3d at 858.

Defendants' Motion to Dismiss Plaintiff's Amended Complaint should be deemed unopposed under Local Rule 7.6. *Blake*, 2022 U.S. Dist. LEXIS 214531, at 3-6. As Plaintiff failed to timely respond and the improper Second Amended Complaint should not be entertained, Defendants' pending Motions to Dismiss Plaintiff's Amended Complaint should be granted as unopposed – in the alternative, should the Court strike Plaintiff's putative Second Amended Complaint, this Court may instead direct Plaintiff to file either briefing in opposition to the pending motions to dismiss or file a proper motion for leave to amend, in compliance with the Rules.

### C.    Dismissal of Claims Against Warden Briggs

Plaintiff has mischaracterized Defendants' position as to punitive damages against Warden Briggs. Defendants do *not* "acknowledge that punitive damages are available against Warden Brigs in general," (DOC. 68, §IV(D)(2)) but rather argue that punitive damages are barred as a matter of law in official capacity claims. *Psota v. New Hanover Township,* 2021 U.S. Dist. LEXIS 247237 (E.D.Pa. Dec. 29, 2021). As Plaintiff has conceded that its *Monell* claim against Briggs is in his official capacity only, and Defendants maintain official capacity claims cannot support punitive damages under §1983, these would be likewise barred. To the extent

Plaintiff's claims against Warden Briggs are in his official capacity, punitive damages are barred. *Id.*

Plaintiff's allegations against Warden Briggs implicitly rely upon a theory of *respondeat superior* that is expressly barred under §1983 as a matter of law. *Byars v. School District of Philadelphia,* 942 F.Supp. 2d 552, 569 (E.D. Pa. 2013), quoting, *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (emphasis added).[8]

Nowhere in Plaintiff's Amended Complaint or Second Amended Complaint does Plaintiff establish personal involvement by Warden Briggs, beyond recitals of his organizational role and legal conclusions directed to his alleged responsibility by virtue of that position. This is merely *respondeat superior* in another guise. Plaintiff has failed to show – because he cannot – that Warden Briggs, beyond his administrative role, had any personal involvement. *Evancho v. Fisher,* 423 F.3d 347, 354 (3d Cir. 2005); *Gay v. Petsock*, 917 F.2d 768, 771 (3d Cir. 1990). Plaintiff's allegations of the conditions notwithstanding, he has failed to demonstrate personal involvement of Warden Briggs necessary to sustain these claims. There is no valid individual-capacity claim; Plaintiff has failed to aver causal, personal acts by Warden Briggs. Therefore, the only claims are to official capacity.

---

[8] See, *Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir. 1976); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, (1978).

**D.** **Punitive Damages Unavailable**

As a consequence, punitive damages are likewise unavailable against Warden Briggs, as he acted only in his official capacity and further, took no personal involvement in the alleged wrongs. *Psota*, 2021 U.S. Dist. LEXIS 247237 at 95-96. *Arguendo*, should the Court decline to dismiss on the basis of lack of personal involvement with respect to the federal claims and the state claims, the spare nature of the allegations against Warden Briggs cannot satisfy the high bar to warrant punitive damages; neither "evil motive" nor a degree of carelessness rising to "reckless indifference." *Grosek v. Panther Transp. Inc.*, 2009 U.S. Dist. LEXIS 13300, 7 (M.D. Pa. 2009). Plaintiff's claims arising under state law likewise fail.

## III. CONCLUSION

For the foregoing reasons and the pleadings of record in this matter, Movant-Defendants, respectfully request that this Honorable Court GRANT Defendants' Motion to STRIKE, or, in the alternative, relief from the Order of March 26, or, in the alternative, DISMISS Plaintiff's Second Amended Complaint in part, with prejudice.

Respectfully submitted,

**Lavery Law**

DATE:  May 20, 2024          By:    */s/ Murray J. Weed*
                                        Murray J. Weed, Esquire
                                        Attorney No. PA329717

Frank J. Lavery, Jr., Esquire
Attorney No. PA42370
Matthew O. Sanyour, Esquire
Attorney No. PA323694
225 Market Street, Suite 304
Harrisburg, PA 17101-2126
(717) 233-6633 (telephone)
(717) 233-7003 (facsimile)
mweed@laverylaw.com
flavery@laverylaw.com
msanyour@laverylaw.com
*Attorneys for Defendants,*
*Warden Briggs and Dauphin County*

## **CERTIFICATION PURSUANT TO MIDDLE DISTRICT RULE L.R. 7.8(b)(2)**

The undersigned counsel hereby certifies that the foregoing Brief complies with Local Rule 7.8(b)(2) and does not exceed 5000 words.  This Brief is 4,510 words. Counsel relied upon the word count feature of the word processing system used to prepare the brief in obtaining the foregoing number.


DATE:  May 20, 2024                     */s/ Murray J. Weed*
                                        Murray J. Weed, Esquire
                                        Attorney No. PA329717

## <u>CERTIFICATE OF SERVICE</u>

I, Michelle R. Principato, an employee with the law firm of Lavery Law, do hereby certify that on this 20th day of May, 2024, I served a true and correct copy of the foregoing Reply Brief via the Court's ECF System on all counsel of record.


<u>*/s/ Michelle R. Principato*</u>
Michelle R. Principato,
Legal Administrative Assistant


This document has also been electronically filed and is available for viewing and downloading from the system.